**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 97-60661**
**Summary Calendar**

---

**JUDY L. HARLOW,**

**Plaintiff-Appellant,**

**VERSUS**

**WAL-MART STORES, INC., ET AL.,**

**Defendants,**

**WAL-MART STORES, INC.,**

**Defendant-Appellee.**

---

Appeal from the United States District Court
for the Northern District of Mississippi
(1:96-CV-218-SA)

---

April 8, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On June 27, 1996, Judy L. Harlow and John D. Harlow (hereinafter "Harlow") instituted the present suit by filing a complaint in the Circuit Court of Itawamba County, Mississippi, against Wal-Mart Stores, Inc. (hereinafter "Wal-Mart") alleging

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that "on or about July 1, 1993" Judy Harlow sustained an injury while on the premises of a Wal-Mart Store in Fulton, Mississippi, when a large box of merchandise fell off a pallet and struck her in the back and leg. At the time of that injury, Judy Harlow was employed by Bassett Furniture Company, running a zipper machine and showing cushions. Following her injury, Judy Harlow attempted to return to work at Bassett Furniture, but she was unable to do her former job of running the zipper machine without excruciating pain. Wal-Mart removed the case from the state court in Mississippi to the United States District Court for the Northern District of Mississippi and filed its answer. The parties consented to trial before a United States Magistrate Judge. In August 1997, Wal-Mart moved in limine to exclude evidence of a determination by an administrative law judge of the Social Security Administration that Judy Harlow was disabled as set forth in a decision from the Social Security Administration awarding her disability benefits which had been handed down prior to this lawsuit. The district court granted the motion in limine and made specific findings on the record that the basis for the ruling was Rule 403 of the Federal Rules of Evidence. After trial before a jury, judgment was entered in favor of Judy Harlow in the amount of $30,000. Harlow then filed a motion for new trial alleging as error the trial court's exclusion of the Social Security decision; and the trial court denied the motion for new trial. Harlow appeals to this Court the amount of damages awarded in her jury trial "solely on the ground that the lower court erred in excluding the Social Security decision."

We have carefully reviewed the briefs, the record excerpts and the reply brief. We accord the trial judge broad discretion in ruling on questions relating to the admissibility of evidence and we find nothing in this record to support a conclusion that the trial judge abused his discretion in denying admissibility of the Social Security determination under Rule 403. Accordingly, the Final Judgment entered in this case on August 19, 1997, is

**AFFIRMED.**